NICHOLS, DOBSON AND HILLS, VS. RICHARD DENNIS AND
ANOTHER.

*Sci. fa, against Bail.*

A warrant of attorney to carry on a suit, was given to *L. & M.*, attorneys at law and co-part-
ners: judgment was obtained thereon, and after the death of *L. sci. fa.* was issued against
the bail by *M. & N.*, who had entered into co-partnership—*held*, that the co-partnership of
*L. & M.* was revived as to the cases brought by them, by the co-partnership of *M. & N.*, and
that the latter firm had authority to prosecute such process, under such warrant of attorney.

It is sufficient if a warrant of attorney be exhibited when demanded; it may be executed at any
stage of the suit.

A warrant of attorney continues to exist after judgment, if any other process is required to ob-
tain the full benefits of such judgment.

If on the dissolution of a firm, power be given to one partner to collect the debts thereof, such
partner may execute a power of attorney for self and partners, for the purpose of authorizing
a third person to collect the same.

### By CHARLTON, Judge.

THIS is a *scire facias*, to fix the defendants as bail to the origi-
nal suit, and among other objections it is contended, by *Wayne*,
that there is no power, or warrant of attorney, to prosecute *this*
suit; that the power tendered is only executed by *Hills*, for
" self and other partners," after a dissolution of the firm; that
it appears to have been executed, subsequent to the institution
of the original action, when it ought to have been executed *con-
temporaneously* with such institution, and to have had a direct
reference to it: that a warrant of attorney exists for a year and
a day only, to take out execution. (*Bac. Abr.* tit. *Attorney :*)
that *sci. fa.* is a new action, and consequently requires a fresh
power of attorney; and the power *now filed*, has no reference
to it, (2 *Ld. Raymd.* 1252. 2 *Salk.* 603, 367, 453,) and that
the power of attorney, (if any,) was originally given to *Lloyd &
Morrison*, which expired, with that legal co-partnership; and
that, it could not be continued in the present legal co-partner-
ship of *Morrison & Nicoll*. *Nicoll*, on the other side con-

[Nichols, et. al. vs. Dennis, et. al.]

tended, that the legal co-partnership of *Morrison & Nicoll*, was to all reasonable purposes, a continuation of the co-partnership of *Lloyd & Morrison*, under whose auspices the suit was brought; and that the English authorities only applied, when the suit was consummated by judgment, and nothing further was to be done; but under the jurisprudence of Georgia, the original warrant of attorney, operates until all the fruits of the first action, shall have been obtained.

I did expect, that these points would have been decided by another Judge, because it was suggested, that when at the bar, I had been retained by the defendant to the original suit: but it is not in my power further to delay the expression of my opinion—and it is—that the co-partnership of *Lloyd & Morrison*, was revived, as to the cases brought by them, in the co-partnership of *Morrison & Nicoll*, who succeeded to their professional engagements—that it is sufficient if a warrant of attorney is exhibited when *demanded*, though it may be executed at any stage of the suit—and that admitting it expires on the obtainment of the judgment, (which ordinarily renders the attorney *functus officio*,) yet, that it continues to exist, if any other process is required, to obtain the full benefits of that judgment. The cases adverted to, do not, I think, oppugn this doctrine. The co-partnership of *Nichols, Dobson & Hills*, having delegated to *Hills* a power to collect the debts of the firm, *Hills* had consequently authority, to render that power efficient, by executing for self and partners, a warrant of attorney. These are the points, which my notes of the argument present to me, and deciding upon them alone, without prejudicing any objection of more importance which has not been submitted, and which may, on a regular motion, affect this order.

It is *ordered*, that judgment be entered up against the defendants, *nunc pro tunc*.

MORRISON & NICOLL, for plaintiff—WAYNE, for defendant.